UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIJIN VAPOR, LLC, | Case No. 20-cv-05238-PJH |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS AND MOTION TO TRANSFER** |
| BOLT USA, LLC, et al., | |
| Defendants. | Re: Dkt. No. 12 |

Before the court is defendant Bolt USA, LLC's motion to dismiss and motion to transfer venue. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court rules as follows.

**BACKGROUND**

This declaratory judgment suit arises out of an alleged trademark infringement. Plaintiff Shijin Vapor, LLC ("plaintiff") is the manufacturer of e-liquids for use in electronic cigarettes, vaporizers, and similar products. Complaint, ¶ 7. Some of plaintiff's products were marked with the name "Bolt" and were sold through a third-party, VaporDNA.[1] Id., ¶ 29.

On or about April 30, 2020, defendant Bolt USA, LLC ("defendant") applied for multiple trademarks on the word "Bolt" and on a stylized "Bolt" logo. Complaint, ¶¶ 11-24. On or about May 12, 2020, defendant sent a cease and desist letter to VaporDNA,

---

[1] VaporDNA is the "d/b/a" name for Lan & Mike International Trading, Inc. Complaint, ¶ 26.

1  identifying plaintiff's products as allegedly infringing defendant's trademarks.  Complaint,
2  Ex. 2.  Defendant's letter directed VaporDNA to confirm that it would stop using the
3  marks and provide a detailed financial accounting of all allegedly infringing products.  Id.
4  Defendant's letter further stated that it would "take any and all available legal action,
5  including filing a civil suit" and that it would "take action without further notice or demand"
6  if the letter's requests were not met.  Id.
7     On June 10, 2020, defendant sent another cease and desist letter, to plaintiff.
8  Complaint, Ex. 7.  Plaintiff alleges that defendant's letter contains false assertions of fact,
9  and further alleges that defendant made material false statements to the United States
10 Patent and Trademark Office in order to secure its "Bolt"-related trademarks.  Complaint,
11 ¶¶ 38, 39.
12    Plaintiff further alleges that defendant's letter to VaporDNA "falsely claimed
13 ownership" of the "Bolt"-related trademarks, and as a result of the letter, "VaporDNA
14 terminated its business relationship with plaintiff with regard to plaintiff's Bolt marked
15 products."  Id., ¶¶ 27, 29.
16    On July 30, 2020, plaintiff filed this suit, seeking a declaratory judgment stating
17 that plaintiff had used the "Bolt" mark prior to defendant's first use, and is thus legally
18 entitled to use the mark.[2]  Complaint at 19.  Plaintiff also asserts three other causes of
19 action arising out of the trademark dispute and its effect on plaintiff's contract with
20 VaporDNA:  intentional interference with contractual relations, intentional interference
21 with prospective economic relations, and violation of Cal. Bus. & Prof. Code § 17200.
22 Complaint, ¶¶ 45-68.
23    Defendant now moves to dismiss or transfer the complaint for improper venue
24 under Rule 12(b)(3) and 28 U.S.C. § 1406, or in the alternative, to transfer for
25 convenience under 28 U.S.C. § 1404(a).

---

[2] Plaintiff further seeks a declaratory judgment stating, among other things, that defendant's trademark applications were filed fraudulently.  See Complaint at 19-20.

2

## DISCUSSION

**A.  Legal Standard**

    **1.**    **Rule 12(b)(3) and 28 U.S.C. § 1406**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). If a defendant files a motion under Federal Rule of Civil Procedure 12(b)(3) to dismiss for improper venue, it is the plaintiff's burden to establish that venue is properly in the district where the suit was filed. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). In considering a motion to dismiss under Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside the pleadings. See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

Where venue is improper, a court has discretion to dismiss the case pursuant to Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a). See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992) (per curiam). "The decision to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court." Klamath Tribes v. United States Bureau of Reclamation, 2018 WL 3570865 at *3 (N.D. Cal. July 25, 2018) (citing King, 963 F.2d at 1304).

    **2.**    **28 U.S.C. § 1404**

In addition, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The party moving for transfer for the convenience of parties and witnesses bears the burden of demonstrating transfer is appropriate. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). In considering a § 1404(a) motion to transfer, the court must look at each of the enumerated factors—whether the action could have been brought in the proposed transferee district, the convenience of the parties, the convenience of the witnesses, and

the interests of justice. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).

If the action could have been brought in the transferee venue, the court then must determine if the defendant has made a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" by considering private factors relating to "the convenience of the parties and witnesses" and public factors relating to "the interest of justice," including "the administrative difficulties flowing from court congestion and [the] local interest in having localized controversies decided at home." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (internal quotation marks omitted).

Courts in this district commonly examine the following factors to determine convenience and fairness under § 1404(a): (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the ease of access to the evidence, (5) the familiarity of each forum with the applicable law, (6) the feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum. Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citation omitted); see Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000). Courts may examine all these factors, but "[n]o single factor is dispositive." Ctr. for Biological Diversity v. Kempthorne, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). The weighing of the factors for and against transfer is within a trial court's discretion. Ventress v. Japan Airlines, 486 F.3d 1111, 1118 (9th Cir. 2007) (citation omitted).

**B.    Analysis**

Defendant makes two venue-related arguments. First, it contends that venue is not proper in the Northern District of California under 28 U.S.C. § 1391(b) and, therefore, the court should dismiss the complaint or, in the alternative, transfer the case to the district court for the Central District of California. Dkt. 12 at 7. Second, defendant argues that, even if venue is proper in this district, the court should transfer the case to the

4

Central District of California pursuant to 28 U.S.C. § 1404(a). Id.

### 1. Whether Venue is Proper in the Northern District of California

Venue in a civil action is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated: or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). [3]

Defendant's motion argues that venue is not proper under any subsection of section 1391(b). In its opposition brief, plaintiff argues only that "venue is proper in this court because a substantial part of the events giving rise to plaintiff's claims against defendant occurred in the Northern District," which invokes the language of section 1391(b)(2).

While plaintiff's opposition brief does present arguments about defendant's contacts with the Northern District, it does not meaningfully address the "residence" requirement of section 1391(b)(1). Indeed, plaintiff's opposition brief does not mention section 1391(d), which provides the test for determining the residence of a corporation in a state with multiple judicial districts, such as California. See 28 U.S.C. § 1391(d).

Similarly, plaintiff's opposition brief does not address whether venue is proper under section 1391(b)(3). Because, as mentioned above, plaintiff bears the burden of showing that venue is proper in this district, the court finds that plaintiff has not shown that venue is proper under section 1391(b)(1) or section 1391(b)(3), and will thus

---

[3] In its complaint, plaintiff also states that venue is proper under 28 U.S.C. §§ 1391(c) and 1400(a). However, plaintiff's opposition brief argues only that venue is proper under section 1391(b). Because plaintiff bears the burden of establishing that venue is proper, the court will not consider any bases for venue that were not addressed in plaintiff's opposition brief. The court further notes that section 1391(c) does not provide a basis for venue, and that the language of section 1400(a) applies only to copyright and patent suits, not to trademark suits. See 28 U.S.C. § 1400(a).

consider only whether venue is proper under section 1391(b)(2).

Defendant argues that venue is not proper under section 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim" did not occur in the Northern District of California. Dkt. 12 at 15. Specifically, defendant argues that "there are no events alleged in the complaint that occurred in the Northern District." Id.

Plaintiff responds by arguing that "the development of all its products at issue . . . including specifically the features that defendant has wrongly accused of infringing trademarks" was performed in this district. Dkt. 17 at 13; Dkt. 17-1, ¶ 10. Plaintiff further argues that its products are sold and distributed in this district. Dkt. 17-1, ¶ 11.

"In a trademark infringement action, a substantial part of the events occur[s] both where the labels are affixed and where confusion of purchasers is likely to occur." Kaia Foods, Inc. v. Bellafiore, 70 F.Supp.3d 1178, 1184 (N.D. Cal. 2014) (citing Sutter Home Winery, Inc. v. Madrona Vineyards, L.P., 2005 WL 701599, at *4 n. 2 (N.D. Cal. March 23, 2005)).

Another court, facing the same issues raised by defendant's motion, observed that "[t]here is a surprising dearth of authority directly addressing transactional venue under § 1391(b)(2) in the context of an action for declaratory judgment of non-infringement of a trademark." Jeffers Handbell Supply, Inc. v. Schulmerich Bells, LLC, 2017 WL 3582235, at *8 (D.S.C. Aug. 18, 2017). The Jeffers court noted that the transactional venue analysis typically focuses on the activities of the defendant, not of the plaintiff; however, the court disagreed that such a focus was required by the statute. Id. at *7; see also In re Enron Corp., 317 B.R. 701, 708 (Bankr. S.D. Tex. 2004) (holding that the venue statute "does not specify that a court must look only to the defendant's activities"). In particular, the Jeffers court determined that an action "in which a plaintiff seeks a declaratory judgment that it did not infringe a trademark" would be an instance where plaintiff's activities were relevant to the transactional venue analysis, because "plaintiff is asserting that it is entitled to judgment on a claim at least in part because of actions that it did not take, namely actions that would constitute trademark infringement." Id.

1    The Jeffers court ultimately concluded that "[i]n a trademark infringement action, venue is appropriate not only in 'the location where there are sales or advertising of goods or services bearing the accused mark,' but also in 'the location where [alleged infringer] placed the accused mark on the goods or prepared advertising bearing the accused mark,' which 'will usually also be the same place as where the [alleged infringer] resides'" Id. at *8 (quoting 6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32.64 (4th ed.)); see also Nursery Decals and More, Inc. v. Neat Print, Inc., 2020 WL 1819885 at *11 (N.D. Tex. Apr. 10, 2020) (finding venue proper in district where declaratory judgment plaintiff sold its allegedly-infringing products); Sauer Brands v. Duke Sandwich Productions, Inc., 2020 WL 90663 at *2 (W.D.N.C. Jan. 7, 2020) ("although venue in other fora may be appropriate as well, venue generally will lie where the events or omissions that would give rise to a potential claim for trademark infringement occur") (internal quotation omitted).

The court finds the reasoning of Jeffers to be persuasive and applies it here. Thus, venue is appropriate where plaintiff sold or advertised goods bearing the accused mark, and where plaintiff placed the accused mark on the goods or prepared advertising bearing the mark. Because there is no dispute that plaintiff performed those activities in the Northern District of California, the court concludes that venue is appropriate in this district under section 1391(b)(2).

The court also notes that venue under section 1391(b)(2) may be proper in multiple districts. Doe v. Epic Games, Inc., 435 F.Supp.3d 1024, 1039 (N.D. Cal. 2020); see also Tech. Credit Corp. v. N.J. Christian Acad., Inc., 307 F. Supp. 3d 993, 1002 (N.D. Cal. 2018) (venue may be proper in multiple districts if a "substantial part" of the underlying events took place in each of those districts) (citation omitted).

Finally, the court also must have venue over plaintiff's other claims. "Once a court has determined that venue is proper as to one claim," however, "it may exercise pendent venue to adjudicate closely related claims." United Tactical Sys. LLC v. Real Action Paintball, Inc., 108 F. Supp. 3d 733, 753 (N.D. Cal. 2015); see also Flamingo Indus.

7

1  (USA) Ltd. v. U.S. Postal Serv., 302 F.3d 985, 997–98 (9th Cir. 2002), rev'd on other
2  grounds, 540 U.S. 736 (2004).

3        The gravamen of this case is the trademark dispute between plaintiff and
4  defendant.  The causes of action relating to plaintiff's business relationship with
5  VaporDNA all derive from the trademark infringement dispute, because if defendant
6  prevails on the trademark infringement claim (i.e., if defendant is adjudged to be the
7  owner of a valid "Bolt" trademark), then its activities with respect to VaporDNA could not
8  have been tortious.  In other words, all of the complaint's causes of action will rise or fall
9  based on the outcome of the trademark dispute.  Accordingly, the claims are "closely
10 related," and because venue is proper for the declaratory relief cause of action regarding
11 trademark infringement, venue is also proper for the complaint's other causes of action.

12       For the foregoing reasons, the court concludes that venue is proper under section
13 1391(b)(2).  Defendant's motion to dismiss or transfer under Rule 12(b)(3) and 28 U.S.C.
14 § 1406 is DENIED.

15     **2.    Whether the Court Should Transfer Venue under § 1404**

16       In the alternative, defendant contends that the court should transfer this case to
17 the Central District of California for the convenience of the parties and witnesses
18 pursuant to 28 U.S.C. § 1404(a).  Dkt. 12 at 17.

19         **a.    Whether the Action Could Have Been Initiated in the Central**
20               **District of California**

21       "In determining whether an action might have been brought in a district, the court
22 looks to whether the action initially could have been commenced in that district."  Hatch v.
23 Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).  Defendant argues that this action
24 could have been brought in the Central District of California because both it and
25 VaporDNA are located in the Central District.  Dkt. 12 at 18.  Plaintiff does not contest
26 this argument and the court agrees that this case could have been brought in the Central
27 District of California.

28

### b. Whether Transfer Would Advance the Interests of Justice

#### i. Plaintiff's Choice of Forum

Defendant contends that, while there is ordinarily a presumption in favor of the plaintiff's choice of forum, that presumption is reduced where the chosen forum lacks significant contact with the activities alleged in the complaint. Dkt. 12 at 18. However, as discussed with regard to the section 1391(b)(2) analysis, a substantial part of the events giving rise to this suit – specifically, the alleged trademark infringement – took place in this district, which distinguishes this case from McCormack v. Safeway Stores, Inc., where the court found that the "center of gravity" in a Title VII employment case was in Arizona, rather than California, because plaintiff was employed by defendant in Arizona and all relevant events took place in Arizona. McCormack, 2012 WL 5948965 (N.D. Cal. Nov. 28, 2012).

Defendant also argues that plaintiff's choice of forum is entitled to less weight because it is "anticipatory." See Dkt. 12 at 19 (citing Z-Line Designs, Inc. v. Bell'O Intern., LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003). However, in Z-Line, the court held plaintiff's suit was anticipatory only after concluding that the plaintiff had made a "misleading communication" to defendant and "created a reasonable expectation that [it] would explore settlement rather than litigation." 218 F.R.D. at 666. Those facts are distinguishable from the present case.

In this instance, the general rule applies; there is a "strong presumption" in favor of plaintiff's choice of forum, "which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). This factor weighs against transfer.

#### ii. Convenience of the Parties and Witnesses

With respect to convenience of the witnesses, "[t]he relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under section 1404(a)." Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (citation omitted). "Importantly, '[w]hile the convenience of party witnesses is

9

1  a factor to be considered, the convenience of non-party witnesses is the more important
2  factor.'" Id. (alteration in original) (quoting Aquatic Amusement Assocs., Ltd. v. Walt
3  Disney World Co., 734 F. Supp. 54, 57 (N.D.N.Y. 1990)).  "In determining whether this
4  factor weighs in favor of transfer, the court must consider not simply how many witnesses
5  each side has and location of each, but, rather, the court must consider the importance of
6  the witnesses."  Saleh at 1160–61 (citations omitted).  In establishing inconvenience to
7  witnesses, the moving party must name the witnesses, state their location, and explain
8  their testimony and its relevance.  Carolina Cas. Co. v. Data Broad. Corp., 158 F. Supp.
9  2d 1044, 1049 (N.D. Cal. 2001) (citation omitted).

10  Here, defendant argues that it is located in the Central District of California, and
11 that non-party witness VaporDNA's employees are also located in the Central District of
12 California.  Dkt. 18 at 14.  However, while defendant refers generally to VaporDNA and
13 its employees, it does not list with any specificity the identity of any non-party witnesses
14 or the relevance of their anticipated testimony.

15 Moreover, as discussed above, it appears that the gravamen of this lawsuit is the
16 alleged trademark infringement by plaintiff.  The testimony of non-party VaporDNA is not
17 relevant to the trademark dispute, and is instead relevant only to the tort causes of action
18 that are dependent upon the outcome of the trademark dispute.

19 Overall, while defendant does refer generally to non-party VaporDNA and its
20 employees as witnesses located in the Central District of California, defendant has not
21 adequately explained the non-party witnesses' testimony and its relevance, so this factor
22 favors transfer only slightly.

### iii.     Other Factors

Next, as to ease of access to the evidence, defendant acknowledges that the physical location of the evidence is a minor factor.  Dkt. 12 at 21; see also Byler v. Deluxe Corp., 222 F. Supp. 3d 885, 906–07 (S.D. Cal. 2016) ("Ease of access to evidence is generally not a predominate concern in evaluating whether to transfer venue because advances in technology have made it easy for documents to be transferred to different

10

locations.") (internal quotation omitted). Accordingly, this factor does not favor transfer.

Defendant states that the next two factors – familiarity of each forum with the applicable law, and the feasibility of consolidation with other claims – do not weigh for or against transfer. Dkt. 12 at 21. The court agrees.

Defendant argues that the Central District of California has a "strong interest" in adjudicating this case because defendant's principal place of business is in the district, and because "plaintiff's claims arise from events taking place in the Central District." Dkt. 12 at 21. However, as discussed above in the context of the section 1391(b)(2) venue analysis, a "substantial part of the events" giving rise to this suit occurred in the Northern District. Accordingly, the court finds that this factor does not weigh for or against transfer.

With regard to court congestion, defendant states that "this factor does not weigh for or against transfer," and the court agrees.

In sum, defendant has not made a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." PRG-Schultz USA, Inc. v. Gottschalks, Inc., 2005 WL 2649206, at *4 (N.D. Cal. Oct. 17, 2005) (quoting Decker Coal, 805 F.2d at 843). Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is DENIED.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is DENIED and defendant's motion to transfer is DENIED.

**IT IS SO ORDERED.**

Dated: November 23, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge