UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIJIN VAPOR LLC,<br><br>        Plaintiff,<br><br>      v.<br><br>BOLT USA, LLC,<br><br>        Defendant. | Case No. 20-cv-05238-PJH<br><br>**ORDER RE DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 45 |

      The parties in the above-captioned case have filed a joint letter brief regarding a discovery dispute.  See Dkt. 45.  The dispute primarily arises out of plaintiff's service of a notice of deposition on defendant's trial counsel, Nicholas Myers.

      Plaintiff argues that the deposition is warranted because defendant engaged in fraud when submitting the trademark applications relevant to this suit, and argues that Myers made false statements in connection with those applications.  Defendant argues that taking the deposition of trial counsel is improper where the information sought could be obtained by other means, and requests that the court quash the deposition notice of Myers.

      The dispute over the Myers deposition notice has also impacted the depositions of each party's corporate representative.  Defendant failed to appear at its noticed Rule 30(b)(6) deposition, and plaintiff now states that it is willing to produce its Rule 30(b)(6) witness "only after the deposition of Mr. Myers is concluded."  Dkt. 45 at 5 (emphasis in original).

      While the Ninth Circuit has not issued a published decision on the issue of

deposing an opposing party's counsel, courts in this district have followed the three-part test laid out by the Eighth Circuit in Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986).  See, e.g., ATS Products, Inc. v. Champion Fiberglass, Inc., 2015 WL 3561611 (N.D. Cal. June 8, 2015) (applying Shelton test); Chao v. Aurora Loan Services, LLC, 2012 WL 5988617 (Nov. 26, 2012) (same); Zhu v. Li, 2021 WL 3910720 (N.D. Cal. Sep. 1, 2021) (same).

The Shelton court acknowledged that the Federal Rules of Civil Procedure "do not specifically prohibit the taking of opposing counsel's deposition," but also that "[t]aking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation" and thus "should be employed only in limited circumstances."  805 F.2d at 1327.  Specifically, the Shelton court held that courts should allow a party to depose opposing counsel only where that party has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case.  Id.

While the parties also discuss an alternative test laid out by the Second Circuit in In re Subpoena issued to Dennis Friedman, neither party cites cases from within this circuit applying Friedman rather than Shelton.  See 350 F.3d 65 (2nd Cir. 2003).

Under the Shelton standard, plaintiff has not demonstrated a sufficient basis for deposing defendant's counsel.  Most importantly, plaintiff has not shown that "no other means exist to obtain the information than to depose opposing counsel."  Even plaintiff acknowledges that it may be able to "use less burdensome means to [obtain] discovery, namely by attempting to depose defendant Bolt."  Dkt. 45 at 5.  The court also notes that, while plaintiff did indeed express its intent to depose Myers in its February 11, 2021 case management statement, plaintiff did not propound interrogatories or other means of obtaining the information sought from Myers, and noticed Myers's deposition less than two weeks before the close of discovery.

Because plaintiff has not made a sufficient showing under Shelton, its request to

depose Myers is DENIED and defendant's request to quash the deposition notice is GRANTED.  However, the ruling shall be without prejudice to plaintiff seeking to depose Myers if, after taking the deposition of defendant's corporate representative, plaintiff is able to meet the three-part Shelton test.  Specifically, plaintiff may seek further relief only if it can identify a non-conclusory, non-privileged factual basis for deposing Myers, and can show that there are no other means to obtain the information.  Moreover, while plaintiff seeks permission to file a motion to disqualify Myers, that request is premature and will not be considered unless plaintiff succeeds in showing that Myers's testimony is indeed crucial to its case.

The court further orders that the close of fact discovery shall be extended to **October 28, 2021**.  Both parties are directed to make their Rule 30(b)(6) witnesses available for deposition.  If, after those depositions, the parties are unable to reach agreement regarding the need to depose Myers, they are directed to file a subsequent joint letter brief setting forth their respective positions as to whether the Shelton test is met.  Any such joint letter brief must be filed within seven days after the close of fact discovery.

**IT IS SO ORDERED.**

Dated:  October 15, 2021

                                              /s/ *Phyllis J. Hamilton*
                                      PHYLLIS J. HAMILTON
                                      United States District Judge