UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIJIN VAPOR LLC,<br><br>             Plaintiff,<br><br>        v.<br><br>BOLT USA, LLC,<br><br>             Defendant. | Case No. 20-cv-05238-PJH<br><br>**ORDER RE DISCOVERY LETTER BRIEF RE DISPOSITIVE MOTION DEADLINE**<br><br>Re: Dkt. No. 52 |

   Before the court is a discovery letter brief filed by the parties regarding the dispositive motion deadline in this case. See Dkt. 52. Specifically, defendant seeks to extend the dispositive motion hearing deadline from December 2, 2021 to January 6, 2022. Id. at 1. Defendant argues that the requested extension is necessary because the deposition transcript from its own Rule 30(b)(6) witness did not become available until November 19, even though the deposition was conducted on or before October 28. Id.

   Plaintiff responds by arguing that defendant "fails to acknowledge that deposition transcripts can be ordered on a 'rush' basis" which would have made the transcript available within the first week of November. Dkt. 52 at 2. Plaintiff further argues that defendant "could have ordered a 'rough' draft of the transcript, which can generally be returned within 24 hours." Id. Plaintiff points out that defendant's counsel instead "ordered the transcripts on the normal turnaround time, which supports plaintiff's position that defendant simply forgot about the dispositive motion deadline." Id.

   The court agrees with plaintiff that defendant has failed to demonstrate good cause for its requested extension. As plaintiff points out, defendant could have ordered

the Rule 30(b)(6) deposition transcript on a rough or rush basis.  Moreover, to the extent that defendant sought to use testimony from its own Rule 30(b)(6) witness, it could have obtained a declaration to supplement the evidence that it already had – namely, the "documents and discovery produced to date in this matter as well as counsel's notes from the depositions taken" that defendant used to draft its dispositive motions.  See Dkt. 52 at 1.

In short, the court finds that defendant has not shown good cause for modifying the dispositive motion deadline in this case.  See Dkt. 32 at 7 ("No provision of this order may be changed except by written order of this court . . . with a showing of good cause.").  In addition, based on the current trial date of April 4, 2022, defendant's requested dispositive motion hearing date would violate this court's standing order, which requires that "all dispositive motions are heard no later than 120 days before trial."  See id. at 2.

However, the court is unavailable on the currently-scheduled trial date, so the trial date will need to be rescheduled.  As a result, even though defendant has not shown good cause for its requested extension, the court will nevertheless modify the dispositive motion deadline so that issues may be heard and potentially narrowed before trial.

The court will conduct a case management conference by videoconference on **December 16, 2021** at **2:00pm** to set a new dispositive motion hearing date and trial date.

**IT IS SO ORDERED.**

Dated:  December 1, 2021

                                                   /s/ *Phyllis J. Hamilton*
                                                  PHYLLIS J. HAMILTON
                                                  United States District Judge