1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIJIN VAPOR LLC,

Plaintiff,

v.

BOLT USA, LLC,

Defendant.

Case No. 20-cv-05238-PJH

**ORDER RE MOTIONS FOR
SUMMARY JUDGMENT**

Re: Dkt. Nos. 63, 64

Plaintiff's motion for summary judgment (Dkt. 64) and defendant's motion for partial summary judgment (Dkt. 63) came on for hearing before this court on May 26, 2022.  Plaintiff and counter-defendant Shijin Vapor LLC ("Shijin") appeared through its counsel, Ali Kamarei and Marisella Prada.  Defendant and counter-complainant Bolt USA, LLC ("Bolt") appeared through its counsel, Michael Kowsari.  Having read the papers filed in conjunction with the motions and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

Plaintiff Shijin is the manufacturer of e-liquids for use in electronic cigarettes, vaporizers, and similar products.  See Complaint (Dkt. 1), ¶ 7.  Some of Shijin's products were marked with the name "Bolt."  Id., ¶ 27.

Defendant Bolt is also a manufacturer of e-liquids for use in electronic cigarettes, vaporizers, and similar products.  See Answer and Counterclaims (Dkt. 25), ¶ 9.  Bolt uses a similar "Bolt" mark on its products.  Id.

In April 2020, Bolt filed for multiple trademarks on the word "Bolt" and on a stylized "Bolt" logo.  Dkt. 1, ¶¶ 23-24.  In the trademark applications, Bolt claimed that it had been using the "Bolt" mark in connection with tobacco-related products since February 2018.

1    See Dkt. 63, Ex. E.

2        Shijin sold some of its "Bolt"-marked products through a third-party distributor,

3    VaporDNA.  See Dkt. 1, ¶¶ 30, 37.  In May 2020, Bolt sent a cease and desist letter to

4    VaporDNA, claiming ownership of the "Bolt" trademark and directing VaporDNA to stop

5    selling the products.  Id., ¶¶ 26-27.

6        Shijin alleges that, as a result of the cease and desist letter, "VaporDNA

7    terminated its business relationship with [Shijin] with regard to [Shijin]'s Bolt-marked

8    products."  Dkt. 1, ¶ 29.  Shijin further alleges that Bolt's trademark applications

9    contained false statements regarding its first use of the mark.  Id., ¶¶ 35-36.

10        On July 30, 2020, Shijin filed this declaratory judgment suit, asserting four causes

11   of action:

12        (1) Declaratory relief, seeking a judgment that it is the senior user of the "Bolt"
             mark, and that Bolt's trademark applications were filed fraudulently,

13        (2) Intentional interference with contractual relations, arising out of Shijin's alleged
             contract with VaporDNA,

14        (3) Intentional interference with prospective economic relations, also arising out of
             Shijin's economic relationship with VaporDNA, and

15        (4) Violation of Cal. Bus. & Prof. Code § 17200.

16   See Dkt. 1.

17   Bolt's answer asserts three counterclaims:

18        (1) Violation of the Lanham Act for false designation/unfair competition,
          (2) Common law trademark infringement and unfair competition, and

19        (3) Violation of Cal. Bus. & Prof. Code § 17200.

20   See Dkt. 25.

21        As mentioned above, both parties have filed a motion for summary judgment.

22   Shijin's motion seeks summary judgment on all three counterclaims asserted by Bolt.

23   See Dkt. 64.  Bolt's motion seeks summary judgment on three of the four claims asserted

24   by Shijin – specifically, the second, third, and fourth causes of action.  See Dkt. 63.

25                                    **DISCUSSION**

26   A.    Legal standard

27        Summary judgment is proper where the pleadings, discovery, and affidavits show

28   that there is "no genuine dispute as to any material fact and the movant is entitled to

United States District Court
Northern District of California

2

1   judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may

2   affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

3   (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a

4   reasonable jury to return a verdict for the nonmoving party. Id. "A 'scintilla of evidence,'

5   or evidence that is 'merely colorable' or 'not significantly probative,' is not sufficient to

6   present a genuine issue as to a material fact." United Steelworkers of Am. v. Phelps

7   Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989) (citation omitted).

8       Courts recognize two ways for a moving defendant to show the absence of

9   genuine dispute of material fact: (1) proffer evidence affirmatively negating any element

10  of the challenged claim and (2) identify the absence of evidence necessary for plaintiff to

11  substantiate such claim. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099,

12  1102 (9th Cir. 2000) ("In order to carry its burden of production, the moving party must

13  either produce evidence negating an essential element of the nonmoving party's claim or

14  defense or show that the nonmoving party does not have enough evidence of an

15  essential element to carry its ultimate burden of persuasion at trial.")

16      "Once the moving party meets its initial burden, the nonmoving party must go

17  beyond the pleadings and, by its own affidavits or by the depositions, answers to

18  interrogatories, and admissions on file, come forth with specific facts to show that a

19  genuine issue of material fact exists." Hansen v. United States, 7 F.3d 137, 138 (9th Cir.

20  1993) (per curiam). "When the nonmoving party relies only on its own affidavits to

21  oppose summary judgment, it cannot rely on conclusory allegations unsupported by

22  factual data to create an issue of material fact." Id.

23      The court must view the evidence in the light most favorable to the nonmoving

24  party: if evidence produced by the moving party conflicts with evidence produced by the

25  nonmoving party, the judge must assume the truth of the evidence set forth by the

26  nonmoving party with respect to that fact. See, e.g., Leslie v. Grupo ICA, 198 F.3d 1152,

27  1158 (9th Cir. 1999). However, when a non-moving party fails to produce evidence

28  rebutting defendants' showing, then an order for summary adjudication is proper. Nissan

1 │ *Fire*, 210 F.3d at 1103 ("If the nonmoving party fails to produce enough evidence to

2 │ create a genuine issue of material fact, the moving party wins the motion for summary

3 │ judgment.")

4 │ B.      Analysis

5 │       As an initial matter, at the hearing, the court stated on the record that Shijin's

6 │ motion for summary judgment was DENIED.  *See* Dkt. 70.  Shijin's motion sought

7 │ summary judgment on all three counterclaims asserted by Bolt: (1) violation of the

8 │ Lanham Act, (2) common law trademark infringement and unfair competition, and (3)

9 │ violation of section 17200.  *See* Dkt. 64.

10 │       As stated at the hearing, the parties have conflicting evidence as to the date that

11 │ each of them first used the "Bolt" mark at issue.  Critically, both parties allege to have first

12 │ used the mark during a narrow time period in early 2020, and neither party has presented

13 │ definitive evidence that overcomes the other party's showing. *See, e.g.*, Dkt. 64 at 8; Dkt.

14 │ 66 at 7-10.  And because the date of first use of the mark is unquestionably a material

15 │ fact as to all three counterclaims asserted by Bolt, the factual conflict precludes the entry

16 │ of summary judgment on those claims.  *See, e.g.*, One Indus., LLC v. Jim O'Neil Distrib.,

17 │ Inc., 578 F.3d 1154, 1158 (9th Cir. 2009) ("It is a cardinal principle of federal trademark

18 │ law that the party who uses the mark first gets priority."); *see also* Cleary v. News Corp.,

19 │ 30 F.3d 1255, 1262-63 (9th Cir. 1994) ("state common law claims of unfair competition

20 │ and actions pursuant to California Business and Professions Code § 17200 are

21 │ substantially congruent to claims made under the Lanham Act.").  Thus, as stated at the

22 │ hearing, Shijin's motion for summary judgment (Dkt. 64) is DENIED in full.

23 │       At the hearing, the court took Bolt's motion for partial summary judgment under

24 │ submission.  *See* Dkt. 70.  Bolt's motion seeks summary judgment as to three of the four

25 │ claims asserted in Shijin's complaint; specifically, the second cause of action for

26 │ intentional interference with contractual relations, the third cause of action for intentional

27 │ interference with prospective economic relations, and the fourth cause of action for

28 │ violation of Cal. Bus. & Prof. Code § 17200.  *See* Dkt. 63.

United States District Court
Northern District of California

1          1.       Intentional interference with contractual relations

The elements of a claim for intentional interference with contractual relations are: (1) there was a contract between the plaintiff and a third party, (2) the defendant knew of the contract, (3) through its actions, the defendant made performance of that contract more difficult or prevented performance, (4) the defendant intended to disrupt performance of the contract, (5) the plaintiff was harmed, and (6) the defendant's actions were a substantial factor in causing that harm. See CACI § 2201; PG&E v. Bear Stearns, 50 Cal.3d 1118, 1126 (1990).

Bolt primarily challenges element (1) – the existence of a contract between Shijin and VaporDNA. Bolt argues that the only evidence of a contract produced during discovery was a single sales invoice from April 2020. See Dkt. 63 at 11. Bolt argues that Shijin may have had hopes of future purchases, but such hopes are not sufficient to constitute a contract. Id. at 11-14.

Shijin's opposition presents a new declaration from its own witness stating that "[i]n mid to late 2017, Shijin Vapor, LLC and Vapor DNA entered into an oral agreement for Vapor DNA's long-term purchases of tobacco products from Shijin." Dkt. 65, Ex. 2, ¶ 3. The declaration also attaches a second sales invoice from Shijin to VaporDNA, dated November 2017. Id., ¶ 9.

Bolt challenges the new declaration as a conclusory, self-serving declaration that cannot be sufficient to defeat summary judgment. Dkt. 67 at 6-10. Bolt further argues that this new information should have been provided in response to Bolt's interrogatory seeking "all facts and circumstances" regarding the existence of a contract. Id. at 3. Bolt argues that Shijin's interrogatory response was boilerplate, and stated only that "responding party was entered into a contract with VaporDNA and pursuant to that contract there was an ongoing relationship between VaporDNA and responding party." See Dkt. 63, Ex. D.

The new declaration submitted by Shijin does not suffice to create a triable issue of fact as to the existence of a contract. See, e.g., Villiarimo v. Aloha Island Air, 281 F.3d

1   1054, 1061 (9th Cir. 2002) ("this court has refused to find a 'genuine issue' where the

2   only evidence presented is 'uncorroborated and self-serving' testimony."); FTC v.

3   Publishing Clearing House, 104 F.3d 1168, 1171 ("A conclusory, self-serving affidavit,

4   lacking detailed facts and any supporting evidence, is insufficient to create a genuine

5   issue of material fact.").  Shijin's declaration relies on broad, conclusory assertions that it

6   "entered into an oral agreement for Vapor DNA's long-term purchases of tobacco

7   products from Shijin" and that "Vapor DNA would place orders from Shijin for quantities

8   and types/flavors of products and resell them on its website," rather than providing

9   specific facts regarding purchases and the parties' ongoing obligations under the alleged

10   contract.

11         Putting aside the self-serving declaration, the only evidence of a contractual

12   relationship between Shijin and VaporDNA is one invoice in November 2017 and a

13   second invoice in April 2020.  See Dkt. 63, Ex. A; Dkt. 65, Ex. 1.

14         Shijin's showing is insufficient to create a genuine issue of material fact regarding

15   the existence of a contract at the time that the cease and desist letter was sent.  Shijin's

16   evidence shows only that it sold products to VaporDNA on two separate occasions, more

17   than two years apart.  Shijin was given the opportunity in discovery to produce all

18   evidence supporting the existence of a contract, an essential element of this cause of

19   action, but it has not identified any evidence, other than a self-serving declaration, that

20   indicates an ongoing agreement between Shijin and VaporDNA at the time of the cease

21   and desist letter.  Thus, the court GRANTS Bolt's motion for summary judgment as to

22   Shijin's second cause of action for intentional interference with contractual relations.

23         2.     Intentional interference with prospective economic relations

24         The elements of a claim for intentional interference with prospective economic

25   relations are: (1) plaintiff and a third party were "in an economic relationship that probably

26   would have resulted in an economic benefit" to plaintiff, (2) defendant knew of the

27   relationship, (3) defendant engaged in wrongful conduct, (4) by engaging in the conduct,

28   defendant intended to disrupt the relationship or knew that disruption would occur, (5) the

relationship was disrupted, (6) plaintiff was harmed, and (7) defendant's conduct was a substantial factor in causing the harm. See CACI § 2202.

Bolt challenges element (3), arguing that it did not engage in any "wrongful conduct," and that Shijin cannot raise a triable issue of fact on that element. Dkt. 63 at 14-17. Shijin argues that the wrongful conduct consists of Bolt's misrepresentation to the Patent and Trademark Office regarding its date of first use. See Dkt. 65 at 10-11. Bolt responds by providing authority stating that the date of first use is immaterial to the validity of a trademark registration so long as the mark was in use at the time of the application. See Pony Express Courier Corp. of America v. Pony Express Delivery Service, 872 F.2d 317, 319 (9th Cir. 1989) ("The claim of a date of first use is not a material allegation as long as the first use in fact preceded the application date."); see also Teeter-Totter, LLC v. Palm Bay Int'l, Inc., 344 F.Supp.3d 1100, 1109 (N.D. Cal. 2018) (citing Pony Express). Bolt argues that, even if its use of the mark did not date back to February 2018, it was indisputably using the mark at the time of the trademark application date, and thus the mark is presumed valid.

The authority cited by Bolt does indeed hold that an inaccurate date of first use in a trademark application does not render a trademark invalid as long as the mark was in use at the time of the application. See Pony Express, 872 F.3d at 319. Thus, because Shijin's third cause of action is predicated on Bolt's representations made in its trademark application, and because those representations are not considered to be "wrongful" under governing authority, Bolt's motion for summary judgment is GRANTED as to Shijin's third cause of action for intentional interference with prospective economic relations.

3.    Violation of section 17200

As to the fourth cause of action for violation of section 17200, Bolt argues that it is derivative of the second and third causes of action. See Dkt. 63 at 17 (citing Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 165 (1999) (section 17200 "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.")). While Shijin

1   nominally disputes the characterization of the claim as "derivative," its opposition does

2   not identify any additional conduct for the court to consider as part of this claim.  See Dkt.

3   65 at 11-12.

4        Thus, because the court has granted summary judgment as to Shijin's second and

5   third causes of action, and because Shijin identifies no additional conduct that has been

6   adequately alleged in connection with its section 17200 claim, the court GRANTS Bolt's

7   motion for summary judgment as to Shijin's fourth cause of action for violation of section

8   17200.

9                                    **CONCLUSION**

10       For the foregoing reasons, Shijin's motion for summary judgment (Dkt. 64) is

11  DENIED, and Bolt's motion for partial summary judgment (Dkt. 63) is GRANTED.

12       What remains in this case are: (1) a single cause of action asserted by Shijin

13  against Bolt, for declaratory relief regarding use of the "Bolt" mark, and (2) three causes

14  of action asserted by Bolt against Shijin related to alleged trademark infringement.

15       As stated at the hearing, the parties are re-referred to Magistrate Judge Hixson for

16  a further settlement conference.  The parties will be advised of the date, time, place, and

17  method of appearance by notice from the assigned judge.

18       **IT IS SO ORDERED.**

19  Dated:  June 8, 2022

20                                    ____/s/ Phyllis J. Hamilton____

21                                    PHYLLIS J. HAMILTON
                                      United States District Judge

22

23

24

25

26

27

28